**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOUAZZA OUAZIZ, | Civil Action No. 22-04546 (SDW)(ESK) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| CITY OF JERSEY CITY, *et al.*, | |
| Defendants. | December 2, 2022 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Bouazza Ouaziz's ("Plaintiff") Amended Complaint (D.E. 4 ("Am. Compl.")), filed on July 15, 2022, Defendant Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital i/p/a Christ Hospital's ("Christ Hospital") Motion to Dismiss the Amended Complaint and for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 12(c) (D.E. 13), Defendant CityMD's ("CityMD") Motion to Dismiss the Amended Complaint and for Judgment on the Pleadings pursuant to Rule 12(b)(6) and 12(c) (D.E. 20), and Defendants the Honorable Maureen Mantineo, J.S.C. ("Judge Mantineo"), the Honorable Andrea J. Sullivan, J.S.C. ("Judge Sullivan"), and Hudson County Assistant Prosecutor Jane Weiner's ("AP Weiner") (collectively, the "State Defendants") Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6) (D.E. 58); and

1

**WHEREAS** on July 15, 2022, Plaintiff filed a 108-page Amended Complaint[1] with over 600 paragraphs and sixty-seven causes of action. (*See generally* Am. Compl.) The body of the Amended Complaint is largely incoherent and confusing. (*Id.*) In it, Plaintiff appears to assert claims related to, *inter alia*, familial disputes, domestic violence incidents, immigration, fraud, assault/sexual assault, deprivation of constitutional rights, and medical services rendered to Plaintiff. (*Id.*) Plaintiff names a myriad of Defendants, including, *inter alia*: his wife[2] and her family; his wife's boyfriend[3]; law firms; medical providers; Jersey City, New Jersey; Jersey City Police Department; police officers; New Jersey state court judges; and a New Jersey state court prosecutor. (Am. Compl. at ¶¶ 1–19.) Plaintiff's allegations span the gamut from stolen passports (*id.* at ¶ 24), family court proceedings in New Jersey state court (*id.* at ¶¶ 26, 69–114), family feuds (*id.* at ¶¶ 23–68), drugging and sexual assault (*id.* at ¶¶ 23–68), domestic violence (*id.* at ¶¶ 23–68), corruption in the New Jersey state judicial system (*id.* at ¶¶ 69–114), conspiracy to commit fraud and falsify records (*id.* at ¶¶ 32–114), civil rights abuses (*id.*), and beyond; and

**WHEREAS** the majority of Plaintiff's claims appear to arise from domestic violence incidents and bodily injuries Plaintiff sustained from an alleged "drugging" and "sexual assault" that occurred in 2016 and 2019. (Am. Compl. at ¶¶ 23–32.) The Amended Complaint sets forth that: in "September 6, 2019, [P]laintiff found [D]efendant Noura El Ghazoini was drugging [P]laintiff to have sex and drug [] her boyfriend [D]efendant Michael Colombas" (*id.* at ¶ 24); "[P]laintiff went to CityMD emergency room for bleeding from [his] anus and [was] dizzy

---

[1] Plaintiff filed his original Complaint on July 12, 2022. (D.E. 1.)

[2] The Amended Complaint alleges that Plaintiff filed for an annulment in the Superior Court of New Jersey, Hudson County on September 18, 2019. (Am. Compl. at ¶ 26.) It is unclear whether Plaintiff is still legally married to Noura Elghazoni because the factual information provided in the Amended Complaint is incoherent and difficult to follow.

[3] The Amended Complaint alleges that Defendant Michael Colombas is Plaintiff's wife's boyfriend and a "medical worker" at Christ Hospital. (Am. Compl. at ¶¶ 23–25, 71.) The Amended Complaint provides no further factual information.

and throwing up" (*id.* at ¶ 32); "[D]efendant Noura Elghazoini was drugging [P]laintiff since 2016 and she us[ed] [D]efendant Michael Colombas as [a] medical worker to drug [P]laintiff to have sex" (*id.* at ¶ 71); "[D]efendant Noura El Ghazoini and her boyfriend [D]efendant Michael Colombas and [D]efendant Somia El Ghazoini and [D]efendant Ali Hilali and [D]efendant Robert Rodriguez as police officer in NYC were drugging [P]laintiff and his girlfriend in Brooklyn to cover up [their] crimes.". (*Id.* at ¶ 88.) Plaintiff seeks relief in nearly countless forms, with damages for alleged harms including: "sexual assault under color of law," "intentional infliction of emotional stress," "negligent infliction of emotional stress," "conspiracy," "fraud and tampering with evidence," "negligence," "anal fissure and pain," "loss of enjoyment of life," "premeditated attempt to kill," "robbery," "extortion," "endangering an injured person," "aggravated sexual assault," "battery," "unfair business practices," "obstructing justice," "slander," "42 U.S.C. § 1983," "42 U.S.C. § 1985," "42 U.S.C. § 1986," "42 U.S.C. § 1988," and beyond. (*Id.* at ¶¶ 40–108); and

**WHEREAS** on October 4, 2022, Christ Hospital filed a Motion to Dismiss the Amended Complaint and for Judgment on the Pleadings asserting that Plaintiff's Amended Complaint fails to state a plausible claim for relief pursuant to Rule 12(b)(6) and 12(c). (*See generally* D.E. 13-7.) Specifically, Christ Hospital argues that: "(1) any and all actions of the alleged agent, Michael Colombas, would be outside the scope of employment and/or ultra vires acts and cannot support the imputation of liability to the alleged employer, Christ Hospital, (2) all bodily injury claims are barred by the two year statute of limitations, (3) the statutory claims are barred by the applicable statute of limitations, and (4) Plaintiff fails to set forth a cause of action against Christ Hospital supported with allegations that it acted under color of state law." (D.E. 13-7 at 2); and

**WHEREAS** on October 11, 2022, CityMD filed a Motion to Dismiss the Amended Complaint and for Judgment on the Pleadings asserting that Plaintiff's Amended Complaint fails to state a plausible claim for relief pursuant to Rule 12(b)(6), 12(c), and Local Civil Rule 12.1. (D.E. 20-4.) CityMD contends, *inter alia*, that Plaintiff's claims against CityMD relating to bodily injuries arising out of alleged misconduct by CityMD are barred by the applicable statute of limitations because the bodily injuries occurred in 2016 and 2019, which is more than two years prior to the filing of this action on July 12, 2022. (*See generally* D.E. 20-4); and

**WHEREAS** on November 9, 2022, State Defendants moved to dismiss the Amended Complaint, *inter alia*, on grounds that State Defendants are entitled to absolute judicial and prosecutorial immunity for any action (or inaction) allegedly undertaken (or not taken) within their respective judicial and prosecutorial roles. (*Id.* at 21–35); and

**WHEREAS** this Court now *sua sponte* reviews the substance of Plaintiff's Amended Complaint pursuant to Rule 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and considers the arguments raised in Defendants' Motions to Dismiss; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff's Amended Complaint does not comply with Rule 8. The Amended Complaint, which is 108 pages with over 600 paragraphs and sixty-seven causes of action, is dense and difficult to follow, and comes nowhere near the "short and plain statement" requirement of Rule 8. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (finding district court

did not abuse its discretion when dismissing complaint which was "unnecessarily complex and verbose," featuring more than "600 paragraphs and 240 pages"); *McDaniel v. N.J. State Parole Bd.*, Civ. No. 08-0978, 2008 WL 824283, at *2 (D.N.J. Mar. 26, 2008) (dismissing, without prejudice, a "rambling and sometimes illegible" 17-page, single-spaced complaint as not in compliance with Rule 8); *Smith v. Dir.'s Choice, LLP*, Civ. No. 15-81, 2016 WL 7165739, at *2-3 (D.N.J. July 28, 2016) (dismissing complaint for failing to meet the requirements of Rule 8 and collecting cases). Indeed, the Amended Complaint fails to provide a clear narrative of either the factual or legal basis for Plaintiff's claims. *See* Rule 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); and

**WHEREAS** Plaintiff brings several claims against the State Defendants arising from various family court and criminal matters in New Jersey state court. (Am. Compl. at ¶¶ 26, 76–114.) Plaintiff alleges that "[J]udge conspired to withdraw my motion for [it] not to be recorded, and not to be part of my appeal" (*id.* at ¶ 77), "[J]udge Mantineo and other defendants . . . and police in [Jersey City] conspired to delay the case not to go to trial to prove this violation of plaintiff rights and his liberties" (*id.* at ¶ 88), AP Weiner "as a prosecutor conspired to dig my case" and "refuse[d] to prevent or to aid to prevent conspiracy" (*id.* at ¶ 93), and "[J]udge Mantineo and [J]udge Andrea Sullivan were involve[ed] in [an] exchange of favor[s] with

5

attorneys to sabotage justice and hurt [the] constitution[al] rights of citizen[s] [of] the United States" (*id.* at ¶ 99); and

 **WHEREAS** the State Defendants are entitled to absolute judicial and prosecutorial immunity for any action (or inaction) allegedly undertaken (or not taken) within their respective judicial and prosecutorial roles. Judge Mantineo and Judge Sullivan are absolutely immune to "'civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978)). Similarly, AP Weiner is entitled to absolute prosecutorial immunity from liability for any and all actions taken in her role as a prosecutor. *See Imbler v. Pachtman*, 424 U.S. 409, 427–28, 430 (1976) (explaining that prosecutors are entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process.") Moreover, under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Villarreal v. New Jersey*, 803 F. App'x 583, 587 (3d Cir. 2020) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)). Eleventh Amendment immunity protects not only states but also state agencies and departments, such as the State Defendants here, "that are so intertwined with them as to render them arms of the state." *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018) (quoting *Bowers v. NCAA*, 475 F.3d 524, 545 (3d Cir. 2007) (internal quotations omitted). Therefore, to the extent Plaintiff's claims against the State Defendants are for acts carried out in the performance of judicial and prosecutorial duties, his claims fail; and

 **WHEREAS** a generous liberal reading of the Amended Complaint suggests that Plaintiff asserts a variety of causes of action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986,

6

and beyond, for alleged injuries sustained from a "drugging" and "sexual assault" that occurred in 2016 and 2019. (Am. Compl. at ¶¶ 23–32, 71.) The Amended Complaint sets forth that: (1) Defendant Noura Elghazoini had been drugging Plaintiff since 2016 and used Defendant Michael Colombas, a "medical worker," to drug Plaintiff; (2) Plaintiff learned of the alleged drugging on or about September 6, 2019; (3) Plaintiff sought treatment with CityMD on December 19, 2019, for the alleged drugging and sexual assault. (Am. Compl. at ¶¶ 23–32, 71, 88.) "It is well-established that a district court may dismiss a civil rights suit for failure to state a claim where the facts alleged in the complaint plainly demonstrate that a cause of action has not been brought within the applicable limitations period." *Hunterson v. Disabato*, 244 F. App'x 455, 457 n.1 (3d Cir. 2007) (citing *Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978)). The statute of limitations for actions arising under 42 U.S.C. § 1983 in New Jersey is two years. *See Backof v. N.J. State Police*, 92 F. App'x 852, 855 (3d Cir. 2004) (citing N.J. Stat. Ann. § 2A:14-2). The statute of limitations for actions arising under 42 U.S.C. § 1986 is one year. *See* 42 U.S.C. § 1986 ("[n]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Similarly, N.J.S.A. 2A:14–2 provides that an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the action. "[A] cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based. The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (internal quotation marks and citations omitted). Here, Plaintiff's alleged claims stem from incidents that occurred in 2016 and 2019, which are more than two years prior to the filing of this action. (Am. Compl. at ¶¶ 23–32, 71.) The statute of limitations period

on those claims has expired under any liberal reading. Plaintiff provides no basis for a later accrual date or equitable tolling. Therefore, to the extent Plaintiff asserts claims arising from incidents that occurred in 2016 and 2019, his claims are time-barred under 42 U.S.C. § 1983, 42 U.S.C. § 1986, N.J.S.A. 2A:14–2, and other applicable statutes.

Accordingly, Plaintiff's Second Amended Complaint is *sua sponte* **DISMISSED** without prejudice, except as to (1) Plaintiff's claims against the State Defendants for acts made in their judicial and prosecutorial capacities and (2) Plaintiff's claims arising from incidents that occurred in 2016 and 2019 that are time-barred. Such claims are dismissed with prejudice. Plaintiff shall have thirty (30) days to file an amended complaint as to only those counts dismissed without prejudice. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Edward S. Kiel, U.S.M.J.
     Parties